Chief Judge Breitel, (concurring in part).
There is no need to reach the constitutional question for, on independent *924 grounds, the trial court correctly dismissed the indictment against defendant.
The People’s only available eyewitness to the shooting, Rufus Boyd, was at the time of Baker’s trial under indictment by both State and Federal authorities for four drug-related offenses, including possession of a kilo of heroin. Since Boyd’s testimony concerning the events before and after the shooting in front of his place of business necessarily involved his own activities at that time and place, defense cross-examination related to his contemporaneous drug activity was not collateral, contrary to the characterization by the Appellate Division. Hence, when witness Boyd claimed his privilege against self incrimination, refusing to answer any questions upon cross-examination, the Baker trial court correctly struck his direct testimony and dismissed the indictment.
Although, on this view, it is unnecessary to reach the double jeopardy question, since the court does, further comment is appropriate. In this nonjury trial, unlike People v Brown, (40 NY2d 381, decided herewith), the Judge arguably weighed the evidence remaining after Boyd’s testimony was stricken, expressly conceded at the Baker trial to be insufficient to prove the crime charged against Baker beyond a reasonable doubt, and therefore perforce terminated the trial. Under such circumstances, the double jeopardy clause applies and prohibits retrial (United States v Jenkins, 420 US 358; People v Brown, 40 NY2d 381, 396, supra). Thus, on constitutional grounds the result should be the same, but not for the unnecessarily broad reasons stated in People v Brown (40 NY2d 381, supra, decided herewith).
Consequently, there is no need for remittal to the Appellate Division and there should be a straightforward reversal and dismissal of the indictment.
Order reversed, etc.